| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:13-CR-86-RL-PRC |
| | ) | |
| SUBIR MAITRA, M.D., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for a Bill of Particulars [DE 13],
Defendant's Motion for Immediate Disclosure of Favorable Evidence [DE 14], and Defendant's
Motion for Production of 404(B) Material [DE 15], each filed on September 7, 2013. The Court
considers each motion in turn.

### I. Bill of Particulars

Federal Rule of Criminal Procedure 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may
> move for a bill of particulars before or within 10 days after arraignment or at a later
> time if the court permits. The government may amend a bill of particulars subject to
> such conditions as justice requires.

Fed. R. Crim. P. 7(f). The decision whether to require a bill of particulars lies within the sound

discretion of the trial court. *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003); *United*

*States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). The purposes of a bill of particulars include:

(1) allowing a defendant to avoid double jeopardy in the event of a subsequent prosecution for the

same offense; (2) avoiding prejudicial surprise at trial; and (3) providing a defendant with

information sufficient for him to prepare his defense. *See United States v. Roman*, 728 F.2d 846, 856

(7th Cir. 1984); *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978).

In determining whether to grant a bill of particulars, the standard is "whether the indictment

sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges

to enable him to prepare for trial." *Fassnacht*, 332 F.3d at 446; *see also Canino*, 949 F.2d at 949; *Andrus*, 775 F.2d at 843. "An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test." *Fassnacht*, 332 F.3d at 446. In *Andrus*, the Court explained that "if the defendant could, from reading the indictment, reasonably anticipate the evidence to be introduced at trial, the denial of the motion [for a bill of particulars] does not prejudice the defendant." *Andrus*, 775 F.2d at 843 (citations omitted). A defendant has a constitutional right to know the nature of the offense with which he is charged (i.e., to know the theory of the case) to allow him to prepare a defense and protect his double jeopardy rights, but not to know the details of how the Government will prove its case. *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991); *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981).

Defendant asks for a bill of particulars addressing four topics:

1.    The names of the healthcare benefit programs to which Defendant allegedly submitted fraudulent bills;

2.    The medical records corresponding to the allegedly unperformed cystometrograms;

3.    Any and all allegedly fraudulent bills submitted to healthcare benefit providers that the Government plans on producing at trial; and

4.    The specific items of property the government claims subject to forfeiture.

Defendant represents that the only health care benefit program identified in the discovery documents provided by the Government is Blue Cross Blue Shield. The indictment, however, mentions "private healthcare benefit programs." The question of whether there was only one benefit program or more warrants some clarification, and the Court accordingly grants the motion for a bill of particulars on this point.

Regarding medical records and allegedly fraudulent bills, the indictment identifies the patients in question by their initials. And the Government represents that it has handed over all relevant billing and medical records (which identify the names of the patients). Taken together, this establishes time and place and the patients allegedly involved. This is sufficient, and the Court denies the motion on this point. Regarding forfeiture, Defendant withdraws his request in his reply brief, and the Court accordingly denies as moot the motion on this point as well.

## II. Disclosure of Favorable Evidence

Defendants request that the Court order the Government to immediately disclose all favorable evidence, as required by *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). Defendant asks for any previously undisclosed materials the Government has that are material to the issues of Defendant's guilt, innocence, or sentencing, or which bear on the credibility of any potential government witnesses. Defendant makes eight specific requests pursuant to this:

1. All grants of immunity, favors, or promises made to any witness in connection with obtaining his or her testimony or assistance (including plea agreements);

2. Any assistance provided by the government to any witness;

3. The criminal history of each potential government witness;

4. All currently pending criminal charges against any potential government witness;

5. Any record of known or suspected criminal conduct or civil administrative healthcare violations in which a potential government witness engaged in but has not been prosecuted, convicted, or subject to administrative remedies for;

6. All mental, psychiatric, or drug abuse and dependence records of any potential witness insofar as they relate to the potential witness's ability to be truthful and to relate his or her testimony;

7. Any records from around the time of the alleged fraud, regarding cystometrograms performed by Defendant that indicate that Defendant did in fact perform the procedures; and

8. Any records pertaining to people interviewed or otherwise related to the government or healthcare investigators regarding refund or repayment requests issued to Defendant by private health care benefit programs regarding billing errors made by Defendant's outside billing service.

The Government does not object to the request or any of the eight categories and acknowledges its obligations under *Brady*, agreeing to fully comply. The Government, however, asserts that there is no need for a Court order on this matter. Nevertheless, the Court finds the matter well taken and orders the Government to disclose all favorable evidence required by *Brady*. Regarding the timing of these disclosures, *Brady* does not require the disclosure of favorable evidence prior to trial, and the Court hereby denies Defendant's motion insofar as it seeks immediate disclosure. *See United States v. McPartlin*, 595 F.2d 1321, 1346 (7th Cir. 1979) ("There is nothing in Brady or Agurs to require that such disclosures be made before trial, and we have explicitly held this in the past.").

### III. Federal Rule of Evidence 404(b) Material

Defendant asks this Court to order the Government to disclose, within thirty days of trial, all similar crimes, wrongs, or acts allegedly committed by Defendant that the Government plans to use at trial to prove motive, scheme, opportunity, intent, plan, knowledge, identity, absence of mistake, or accident. The Government agrees that it must turn over 404(b) material, but argues that it need only disclose the material one week before trial as is customary in the Northern District of Indiana. Defendant points out that Rule 404 provides no specific window, only that the Government

4

must provide "reasonable notice" and that, given the volume of discovery (over 49,000 pages) and other pending charges in the Northern District of Illinois, an earlier disclosure is necessary. While Defendant is right that there is no specific time limit, disclosure thirty days before trial is not warranted. The Government agrees in its reponse to provide 404(b) material at least one week before trial. This is sufficient. *See United States v. Blount*, 502 F.3d 674, 677 (7th Cir. 2007); *United States v. Watson*, 409 F.3d 458, 465–66 (D.C. Cir. 2005) (forty-eight hours sufficient). The Court accordingly grants Defendant's motion in part and orders the Government to disclose Rule 404(b) material at least one week before trial.

Defendant also seeks production of Federal Rule of Evidence 608(b) impeachment material to the extent that it also constitutes Rule 404(b) "other act" evidence. The Government rightly points out that Rule 608(b) does not require pretrial disclosure of anything. Indeed, "defendants are not entitled access to any Rule 608(b) material which is not discoverable under Federal Rule of Criminal Procedure 16." *United States v. Perez*, No. 00 CR 211, 2002 WL 1461504, at *12 (N.D. Ill. July 3, 2004); *see also United States v. Kirkwood*, No 06-30064, 2007 WL 605008, at *2 (C.D. Ill. Feb. 22, 2007). Rule 16 limits the scope of compelled discovery to material that the government intends to introduce during its case-in-chief. *See id.* "By definition, Rule 608(b) evidence may not be used during the government's case-in-chief, and therefore, it is not discoverable under Rules 12 or 16." *Id.* Thus, the Court denies Defendant's requests for production of Rule 608(b) material. But the Court grants Defendant's motion insofar as it seeks 404(b) material that might also be admissible under Rule 608(b).

### IV. Conclusion

For these reasons, the Court **GRANTS in part and DENIES in part** Defendant's Motion for a Bill of Particulars [DE 13]. The Court **ORDERS** the Government to give Defendant a bill of

particulars naming the healthcare benefit programs Defendant allegedly submitted fraudulent bills to. The Court **GRANTS in part and DENIES in part** Defendant's Motion for Immediate Disclosure of Favorable Evidence [DE 14]. The Court **ORDERS** the Government to give Defendant all *Brady* material before trial. The Court **GRANTS in part and DENIES in part** Defendant's Motion for Production of 404(B) Material [DE 15]. The Court **ORDERS** the Government to disclose all Federal Rule of Evidence 404(b) material, including material that might also be admissible under Federal Rule of Evidence 608(b), at least one week before trial.

So ORDERED this 6th day of December, 2013.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record